USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/01/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
BRYAN VELAZQUEZ, on behalf of himself and    :
all others similarly situated,               :
                                             :
                                             :
                              Plaintiff,     :
                  -against-                  :             23-CV-0105 (VEC)
                                             :
                                             :                 ORDER
ELDER DEPOT, INC.,                           :
                                             :
                                             :
                              Defendant.     :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

   WHEREAS on January 5, 2023, Plaintiff sued Elder Dept, Inc., alleging that its failure to

make its website accessible to visually impaired persons violates the Americans with Disability

Act ("ADA") and the New York City Human Rights Law, *see* Compl., Dkt. 1;

   WHEREAS the Court may raise the question of standing *sua sponte* because standing is a

threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice

but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, s*ee Thompson v. Cnty.

of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare

Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

   WHEREAS on April 20, 2023, the Court concluded that Plaintiff's allegations in his

Complaint likely fail adequately to allege standing under *Calcano v. Swarovski et al.*, 36 F.4th

68, 75 (2d Cir. 2022), *see* Order, Dkt. 11;

   WHEREAS the Court therefore ordered Plaintiff to "file a motion, including a

memorandum of law and any supporting exhibits or declarations" for leave to file an amended

complaint or show cause why the case should not be dismissed for lack of standing not later than April 27, 2023, *see id.*;

WHEREAS the Court also ordered Plaintiff's counsel to show cause by April 27, 2023 why he should not be sanctioned for filing a Complaint that patently fails adequately to allege standing despite numerous warnings that failure to do so constitutes grounds for dismissal for lack of subject-matter jurisdiction, *see id.*;

WHEREAS on April 27, 2023, Plaintiff's counsel filed a letter asserting that he should not be sanctioned because he believed in good faith that the Complaint adequately alleges standing and because Plaintiff's amended complaint would "include . . . greater specificity" with respect to standing, and did not move for leave to amend the Complaint as set forth in the Court's order,[1] and

WHEREAS on April 28, 2023, the Court sanctioned Plaintiff's counsel for filing a complaint that patently fails adequately to allege standing in a different website ADA case, *see* Opinion & Order, *Zinnamon v. Satya Jewelry II, LLC* ("*Satya Jewelry*"), 23-CV-0781 (VEC), Dkt. 12 (S.D.N.Y. Apr. 28, 2023);

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of standing. The Complaint alleges that Plaintiff visited Defendant's website "on multiple occasions" to "make a purchase" and that he "intends to visit" the website "in the near future if it is made accessible." *See* Compl. ¶¶ 24, 30. Such "vague assertions" are insufficient to allege standing because Plaintiff "fail[s] to provide *any* details" about his interaction with Defendant's website such as the dates of past visits to Defendant's website, the frequency of his visits, the

---

[1]     On April 26, 2023, Plaintiff's counsel requested an extension to move to amend the Complaint without stating any grounds for the extension request. *See* Pl. Letter, Dkt. 12. The Court denied the request as moot, untimely, and unjustified on April 28, 2023. *See* Order, Dkt. 14.

items he intended to purchase, why he sought to purchase them from Defendant in particular, or the items he would like to purchase from Defendant in the future. *Calcano*, 36 F.4th at 76–77; *see also Tavarez-Vargas v. Annie's Publ'n, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (dismissing a website ADA case for lack of standing because the amended complaint "contain[ed] bare, conclusory statements" and lacked factual allegations that would allow the court to infer that the plaintiff "intend[ed] to return to [the] [d]efendant's website"); *Lopez v. Peapod, LLC*, No. 19-CV-9906 (KPF), 2021 WL 1108559, at *4–5 (S.D.N.Y. Mar. 23, 2021) (same).

IT IS FURTHER ORDERED that the Court incorporates the sanction imposed against counsel in *Satya Jewelry*.

The Clerk of Court is respectfully directed to close all open motions and to close the case.

**SO ORDERED.**

**Date:  May 1, 2023**
　　　　**New York, New York**

_____
　　　　**VALERIE CAPRONI**
　　　**United States District Judge**

3